

**ORDERED in the Southern District of Florida on August 27, 2014.**

*A. Jay Cristol* (signature)

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**IN THE MATTER OF:**            **CASE NO. 14-15048-AJC**
**YOLANDA URIBE**                **CHAPTER 13**

     **Debtor,**
_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY
<u>SPECIALIZED LOAN SERVICING, LLC, USA D.E. #43</u>**

THIS CASE came to be heard on August 19, 2014, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by SPECIALIZED LOAN SERVICING, LLC, USA* (Docket Entry #43; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of Debtor's real property (the "Real Property") located at 1229 Cordova Street, Coral Gables, Florida, Florida 33134, more particularly described as

**Legal Description: Lot 1 and South 12 feet of Lot 2, Block 2 of AMENDED PLAT OF GRANADA PLACE, according to the Plat thereof, as recorded in Plat Book 13, page 51 of the Public Records of Miami-Dade County, Florida**

is $255,324.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Specialized Loan Servicing, LLC (the "Lender") is $419,506.21.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Lender has an allowed secured claim of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on June 26, 2004 at Book 22429 Pages 3906-3910 (6 pages) in the official records of Miami-Dade County, Florida, and subsequently modified on December 20, 2006 shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender filed a proof of claim in this case (2-1). It shall be classified as a secured claim in the amount provided in paragraph two, above, and as a general unsecured claim in the amount of $115,754.38 regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.   Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.